UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK B. THOMAS                                       CIVIL ACTION

versus                                                  NO. 09-4425

BURL CAIN, WARDEN                                       SECTION: "I" (1)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Patrick B. Thomas, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On June 24, 2004, he was convicted of distribution of cocaine.[1]

---

[1] State Rec., Vol. I of III, transcript of June 24, 2004, p. 108; State Rec., Vol. I of III, minute entry dated June 24, 2004; State Rec., Vol. I of III, jury verdict form.

On May 10, 2005, he was found to be a third offender,[2] and, on May 31, 2005, he was sentenced as such to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[3] On January 16, 2007, the Louisiana Fifth Circuit Court of Appeal affirmed that conviction and sentence.[4] The Louisiana Supreme Court then denied petitioner's related writ application on November 21, 2007.[5]

On May 20, 2008, petitioner filed with the state district court an application for post-conviction relief.[6] That application was denied on June 17, 2008.[7] Petitioner's related writ applications were then denied by the Louisiana Fifth Circuit Court of Appeal on August 11, 2008,[8] and the Louisiana Supreme Court on June 19, 2009.[9]

---

[2] State Rec., Vol. I of III, transcript of May 10, 2005; State Rec., Vol. I of III, minute entry dated May 10, 2005.

[3] State Rec., Vol. I of III, transcript of May 31, 2005; State Rec., Vol. I of III, minute entry dated May 31, 2005.

[4] State v. Thomas, 951 So.2d 372 (La. App. 5th Cir. 2007) (No. 06-KA-654); State Rec., Vol. II of III.

[5] State ex rel. Thomas v. State, 967 So.2d 1153 (La. 2007) (No. 2007-KH-0464); State Rec., Vol. II of III.

[6] State Rec., Vol. II of III.

[7] State Rec., Vol. II of III, Order dated June 17, 2008.

[8] State v. Thomas, No. 08-KH-601 (La. App. 5th Cir. Aug. 11, 2008) (unpublished); State Rec., Vol. II of III.

[9] State ex rel. Thomas v. State, 10 So.3d 726 (La. 2009) (No. 2008-KH-2267); State Rec., Vol. III of III.

On July 10, 2009, petitioner filed the instant application for federal *habeas corpus* relief. In support of his application, he claims:

1. Petitioner was arrested without probable cause;

2. Petitioner was compelled to go to trial in prison clothing;

3. There was insufficient evidence to support petitioner's conviction; and

4. Petitioner received ineffective assistance of counsel.

Timeliness

The state first argues that petitioner's federal application should be dismissed as untimely. This Court disagrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[10]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on November 21, 2007. Therefore, under § 2244(d)(1)(A), his conviction became "final" no later than February 19, 2008, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL

---

[10] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).[11] Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

After ninety (90) days elapsed, petitioner tolled the federal limitations period on May 20, 2008, by filing a post-conviction application with the state district court.[12] Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d

---

[11] In its response in this proceeding, the state argues that petitioner's conviction became final much earlier because his Louisiana Supreme Court writ application was untimely filed. This Court disagrees for the following reasons.

On January 16, 2007, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence. Petitioner then had thirty days, i.e. until February 15, 2007, to challenge that judgment by filing a writ application with the Louisiana Supreme Court. Louisiana Supreme Court Rule X, § 5(a). Records obtained from the Warden of the Louisiana State Penitentiary show that petitioner submitted his writ application to prison officials for mailing on February 15, 2007. Rec. Doc. 14. This Court must consider that date as the date of filing. Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Accordingly, petitioner's Louisiana Supreme Court writ application was "filed" on February 15, 2007, the last day of his thirty-day period, and was therefore timely.

[12] That application was stamped as filed by the clerk of court on June 9, 2002. However, again, this Court must apply Louisiana's "mailbox rule" and consider the application filed as of the moment the prisoner "placed it in the prison mail system." Causey, 450 F.3d at 607. The affidavit accompanying petitioner's application was signed on May 20, 2008; therefore, absent evidence to the contrary, this Court will consider that date as the date of filing. See Lee v. Cain, Civ. Action No. 08-5180, 2009 WL 3319670, *2 n.3 (E.D. La. Oct. 13, 2009); Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999).

765, 769-70 (5th Cir. 2004). The state concedes that petitioner's related writ applications were timely filed with the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court.[13] Accordingly, the limitations period remained tolled until June 19, 2009, the date the Louisiana Supreme Court denied the related writ application.

At that point, petitioner had two hundred seventy-five (275) days of the federal limitations period remaining. Because he filed his federal application a mere twenty-one (21) days later on July 10, 2009,[14] the application is timely.

### Exhaustion

The state next argues that petitioner's federal application should be dismissed because not all of his claims are exhausted. The Court again disagrees.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). However, "[a] federal court claim must be the

---

[13] Rec. Doc. 10, p. 12 n.12.

[14] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner's federal application is dated July 10, 2009; again, absent evidence to the contrary, this Court will consider that date as the date of filing.

'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).

In its response, the state does not challenge petitioner's exhaustion of his first three claims, i.e. that he was arrested without probable cause, that he was compelled to go to trial in prison clothing, and that there was insufficient evidence to support his conviction. Instead, the state argues only that petitioner's ineffective assistance of counsel claim is not properly exhausted.

In his federal application, petitioner states his ineffective assistance claim as follows:

> PETITIONER AVERS THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INVESTIGATE, OBJECT TO PETITIONER BEING TRIED IN PRISON GARB, AND TO PROPERLY REPRESENT HIM AS IS HIS RIGHT UNDER THE UNITED STATES CONSTITUTIONAL SIXTH AND FOURTEENTH AMENDMENT RIGHTS WHERE THE STATE COURTS' DECISIONS WERE CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW.[15]

In his Louisiana Supreme Court writ application filed in case number 2008-KH-2267, petitioner assigned the following error for review:

> Petitioner avers that his trial counsel was ineffective for failing to properly investigate, object to petitioner being tried in prison garb, and to properly represent him as is his right under the United States Constitutional Sixth and Fourteenth Amendment Rights.[16]

Clearly, the claim in the federal application is virtually identical to the claim stated in the state application. Further, the argument petitioner makes in his federal application with

---

[15] Rec. Doc. 1, supporting memorandum, p. 14.

[16] State Rec., Vol. III of III, writ application (No. 2008-KH-2267), p. i.

- 6 -

respect to his claim closely mirrors the argument made in his state application. Therefore, the ineffective assistance claim asserted in petitioner's federal application is the "substantial equivalent" of the claim presented to the Louisiana Supreme Court in case number 2008-KH-2267. Accordingly, the Court rejects the state's contention that the claim is unexhausted.

Because petitioner's federal application is timely and his claims are exhausted, the Court will now review those claims.

## Standard of Review

The AEDPA comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but

unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

Facts

On direct appeal, the Louisiana Fifth Circuit Court of Appeal summarized the facts of this case as follows:

> Agent Josh Bell of the Jefferson Parish Sheriff's Office testified that on September 9, 2003, he was part of an undercover narcotics operation. He was instructed by his supervisor, Detective Billy Matranga, to attempt drug purchases in the area of Eisman and Field Streets in Marrero. Agent Bell testified that he drove an unmarked vehicle to that area at 3:10 p.m. The vehicle was equipped with a hidden video camera and an audio transmitter.
> Agent Bell observed defendant on the street and asked him if he had two "twenties," street slang for two rocks of crack cocaine. Defendant responded that he could get the crack nearby at Meyers and Fourth Streets. The agent testified he drove to that location to meet defendant, who rode a bicycle there. Defendant first met with a woman, and then handed Agent Bell two "rocks" of crack cocaine.[FN] Agent Bell gave defendant two prerecorded twenty-dollar bills.
>
>> [FN] Daniel Waguespack, an expert in the field of forensic science, testified that he analyzed the two pieces of off-white material defendant gave Agent Bell, and the result was positive for cocaine.

– 8 –

When the purchase was complete, Bell left the area. He radioed a description of defendant to surveillance officers. Agent Kim Blanche testified that fifteen minutes after the transaction, she and Deputy David Green went to the 6600 block of Field Street and located defendant based on Bell's description. The officers conducted a field interview with defendant, and collected his personal information. Agent Blanche testified that defendant became irate during the interview, yelling and using profanity. When defendant refused to calm down, the officers arrested him on a charge of disturbing the peace.

On the following morning, Agent Matranga presented Agent Bell with a photographic lineup. Agent Matranga testified that Agent Bell identified defendant as the man who had sold him two rocks of crack cocaine.[17]

Arrest Without Probable Cause/Prison Clothing/Sufficiency of the Evidence

Petitioner's first three claims are that he was arrested without probable cause, that he was compelled to go to trial in prison clothing, and that there was insufficient evidence to support his conviction. The state correctly argues that those claims are procedurally barred.

Regarding procedural bars, the United States Fifth Circuit Court of Appeals has held:

A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

---

[17] State v. Thomas, 951 So.2d 372, 376 (La. App. 5th Cir. 2007) (No. 06-KA-654); State Rec., Vol. II of III.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

The state courts clearly rejected petitioner's first three claims on procedural grounds. When the claims were asserted in the state post-conviction proceedings, the state court district rejected them as procedurally defaulted:

> The rules governing post-conviction relief are very strict and procedures are strictly enforced. Repetitive and successive applications for post-conviction relief are not permitted. Mandatory provisions provide that "[i]f the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief." LSA-C.Cr.P. art. 930.4(B). Also, claims are barred where they should have been raised in petitioner's direct appeal. LSA-C.Cr.P. art. 930.4(C). In all post-conviction cases, the petitioner bears the burden of proof. LSA-C.Cr.P. art. 930.2.
> The petitioner's first three claims are barred from post-conviction review because they should have been addressed on direct appeal. The court will deny those claims without reaching the merits raised by the petitioner.[18]

In denying the related writ application, the Louisiana Fifth Circuit Court of Appeal likewise expressly denied the claims on the same procedural grounds, holding:

> We see no error in the trial court's denial of relator's Application for Post-Conviction Relief. As found by the trial court, relator failed to raise his arguments relative to lack of probable cause for his arrest, appearing for trial in prison clothing, and insufficiency of evidence on direct appeal. Relief may be denied for a claim which relator had knowledge of but failed to raise on direct appeal. C.Cr.P. art. 930.4C.[19]

---

[18] State Rec., Vol. II of III, Order dated June 17, 2008, p. 1.

[19] State v. Thomas, No. 08-KH-601 (La. App. 5th Cir. Aug. 11, 2008) (unpublished); State Rec., Vol. II of III.

Although the Louisiana Supreme Court did not assign reasons in denying petitioner's subsequent writ application,[20] "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground."  Finley, 243 F.3d at 218.

It is clear that Louisiana's rule that a claim regarding an appealable issue is waived if not asserted on direct appeal is considered an independent and adequate state court rule to support a procedural bar in federal court.  See, e.g., Hurd v. Cain, Civ. Action No. 09-3112, 2009 WL 3063354, at *7 (E.D. La. Sept. 23, 2009); Simms v. Cain, Civ. Action No. 07-966, 2008 WL 624073, at *27 (E.D. La. Mar. 4, 2008); Dorsey v. Louisiana, Civ. Action No. 07-036, 2007 WL 1747014, at *4 (E.D. La. June 15, 2007); Hill v. Cooper, Civ. Action No. 04-2588, 2007 WL 458207, at *7 (E.D. La. Feb. 8, 2007); Stevenson v. Cain, Civ. Action No. 06-1244, 2006 WL 2850167, at *14 & n.39 (E.D. La. Oct. 4, 2006).  Therefore, federal review of petitioner's first three claims "is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."  Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him."  Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original).  Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural

---

[20] State ex rel. Thomas v. State, 10 So.3d 726 (La. 2009) (No. 2008-KH-2267); State Rec., Vol. III of III.

– 11 –

rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). In his federal application, petitioner has made no attempt to establish cause for the failure to raise these claims. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court must determine whether the application of the procedural bar would result in a fundamental miscarriage of justice. In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). The United States Fifth Circuit Court of Appeals has held:

> To demonstrate actual innocence, it is necessary that the petitioner show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt ... in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial.

Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998) (quotation marks and citations omitted). Applying that standard, the Court finds that petitioner does not make a persuasive showing that he is actually innocent of the charge against him. In this case, the evidence of petitioner's guilt was overwhelming. Therefore, he has not demonstrated that any miscarriage of justice will result from the application of the procedural bar. Accordingly, petitioner's claims that he was arrested without

probable cause,[21] that he was compelled to go to trial in prison clothing, and that there was insufficient evidence to support his conviction are procedurally barred from review in this federal proceeding.

Ineffective Assistance of Counsel

Petitioner's last claim is that his trial counsel was ineffective. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. <u>Id</u>. at 697.

To prevail on the deficiency prong of the <u>Strickland</u> test, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. <u>See</u> <u>Styron v. Johnson</u>, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." <u>Little v. Johnson</u>, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. <u>See</u> <u>Strickland</u>, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 371 (1993)

---

[21] Although petitioner's claim that he was arrested without probable cause is procedurally barred for the reasons set forth in this Report and Recommendation, the Court additionally notes that federal *habeas* review of such Fourth Amendment claims is also precluded by <u>Stone v. Powell</u>, 428 U.S. 465 (1976). Moreover, in any event, is clear that a subsequent conviction is not to be invalidated simply because there was insufficient probable cause for the arrest. <u>See</u> <u>Gerstein v. Pugh</u>, 420 U.S. 103, 119 (1975) (noting "the established rule that illegal arrest or detention does not void a subsequent conviction").

(quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793.

Petitioner bears the burden of proof on an ineffective assistance claim and must establish his claim by a preponderance of the evidence. Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If the Court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. Strickland, 466 U.S. at 697.

In the instant case, the state district court denied petitioner's ineffective assistance of counsel claim, holding:

> Under the well-known rule of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a petitioner must prove both that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that this

inadequate performance prejudiced the accused to such an extent that the trial was rendered unfair and the verdict suspect. The Supreme Court clarified that "[t]he object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which ... will often be so, that course should be followed." Id., 466 U.S. at 697, 104 S.Ct. 2052, 2069.

  The petitioner complains that his attorney failed to call certain witnesses. This claim must be viewed in light of all the evidence introduced at trial. Courts must review such claims mindful that "[t]here has never been a case where additional witnesses could not have been called .... We also refuse to say that a member of the bar is guilty of ineffectiveness for not calling every witness and friend who was willing to testify. To hold otherwise would clog an already overburdened system with repetitious testimony." State v. Tarver, 629 So.2d 14, 21 (Ala. Crim. App. 1993), cert. denied, 511 U.S. 1078, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994).

  In the trial of this case, the testimony established that the petitioner sold cocaine to an undercover officer. This fact, and others noted by the Fifth Circuit on appeal, reveal that overwhelming evidence was introduced at trial. In light of this evidence, the petitioner cannot meet the prejudice prong of the Strickland test.

  The court specifically finds that the petitioner has not met his burden of proof that counsel rendered substandard performance. To the contrary, the court finds that counsel's performance exceeded constitutional requirements. The petitioner also fails to prove prejudice, given the overwhelming evidence placed before the jury. The petitioner has not established that the results of the jury trial were unreliable, nor has he established that his trial was fundamentally unfair. In sum, he has not established that his attorney's performance was constitutionally deficient or that he was prejudiced as a result.[22]

The Louisiana Fifth Circuit Court of Appeal similarly held:

> With regard to the ineffective assistance of counsel claim, we find, as did the trial court, that relator has not met the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

---

[22] State Rec., Vol. II of III, Order dated June 17, 2008, pp. 1-2.

> Further, we find the jury accepted the testimony of the undercover officer at trial that relator sold him cocaine. Relator has not established that the trial was unfair or the result unreliable.[23]

The Louisiana Supreme Court then denied relief without assigning reasons.[24]

Because a claim of ineffective assistance of counsel is a mixed question of law and fact, this Court must defer to those state court decisions rejecting petitioner's ineffective assistance claim unless the decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). Here, it is evident that the state courts correctly identified the governing legal standard for ineffective assistance claims, i.e. the Strickland standard. Therefore, this Court need only determine whether the state courts unreasonably applied Strickland. As noted below, it is apparent that the state courts applied Strickland in a reasonable manner.

Petitioner first contends that counsel performed an inadequate investigation. However, a petitioner must have factual support for such a claim and point to evidence in the record demonstrating that further investigation would in fact have revealed additional information beneficial to the defense. See Moawad v. Johnson, 143 F.3d 942, 948 (5th Cir. 1998); see also Brown v. Dretke, 419 F.3d 365, 375 (5th Cir. 2005); Wilson v. Cain, Civ. Action No. 06-890, 2009 WL 2163124, at *22 (E.D. La. July 16, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL

---

[23] State v. Thomas, No. 08-KH-601 (La. App. 5th Cir. Aug. 11, 2008) (unpublished); State Rec., Vol. II of III.

[24] State ex rel. Thomas v. State, 10 So.3d 726 (La. 2009) (No. 2008-KH-2267); State Rec., Vol. III of III.

5191912, at *10 (E.D. La. Dec. 11, 2008). In the instant case, petitioner points to no evidence showing that further investigation would have revealed any additional beneficial information unknown to defense counsel. Accordingly, petitioner has not demonstrated he was prejudiced by the allegedly inadequate investigation, and his claim therefore fails.

Petitioner next contends that his counsel was ineffective for failing to call witnesses. The United States Fifth Circuit Court of Appeals has noted that "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002). Therefore, to show the prejudice required to support an ineffective assistance claim premised on the failure to call a witness, a petitioner "'must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial.'" Id. (quoting Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985)); see also Bray v. Quarterman, 265 Fed. App'x 296, 298 (5th Cir. 2008) ("To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."). In the instant case, petitioner has not even identified the proposed witnesses, much less provided any evidence whatsoever, such as affidavits from them, showing that they would have testified at trial and that their testimony would have been favorable to the defense. Therefore, this claim necessarily fails.

Petitioner also contends that counsel was ineffective in failing to object to petitioner being tried in "prison garb." The Court rejects that claim for the following reasons

As a preliminary matter, it has often been noted that there are sometimes strategic reasons for defense counsel to have a defendant go to trial in prison clothes. Estelle v. Williams, 425 U.S. 501, 508 (1976) ("[I]nstances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury."); see also United States v. Wells, No. 97-35656, 1998 WL 741173, at *2 (9th Cir. Oct. 13, 1998) ("Because producing an accused in prison clothing is a valid defense tactic, it cannot be the sole basis for a determination of ineffective assistance of counsel."); Keller v. Day, No. 92-3434, 1993 WL 481422, at *2 (5th Cir. Nov. 1, 1993) ("Allowing a client to appear at trial in prison garb has been recognized as legitimate trial strategy."). The United States Supreme Court has cautioned courts not to second-guess counsel's decisions on trial tactics through the distorting lens of hindsight; rather, courts are to employ a strong presumption that counsel's conduct falls within a wide range of reasonable assistance and, under the circumstances, might be considered sound trial strategy. Strickland, 466 U.S. at 689.

However, even if there was no strategic reason in this case for petitioner to go to trial in prison clothes and even if defense counsel performed deficiently in failing to object, petitioner's claim nevertheless still fails because he cannot establish that he was prejudiced. Where, as here, the evidence of guilt is overwhelming, a petitioner cannot establish that there is a reasonable probability that the result of the proceeding would have been different if only counsel had ensured that petitioner appeared throughout trial wearing civilian clothes. See, e.g., Carter v. United States, 288 Fed. App'x 648, 650 (11th Cir. 2008); Whitman v. Bartow, 434 F.3d 968, 972 (7th Cir. 2006);

Martin v. Cain, No. 00-31474, 2001 WL 822448 (5th Cir. June 18, 2001); Jackson v. Myers, No. 88-6382, 1989 WL 102027, at *1 (9th Cir. Aug. 28, 1989). Accordingly, this claim has no merit.

Lastly, petitioner contends simply that counsel failed to properly represent him. However, petitioner does not further explain that contention. Accordingly, the contention is purely conclusory and, therefore, cannot serve as a basis for relief. See, e.g., Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); Odom v. Wheat, Civ. Action No. 09-3028, 2009 WL 3199178, at *8 (E.D. La. Sept. 30, 2009).

For all the foregoing reasons, petitioner has failed to demonstrate that the state court's decisions regarding any of his ineffective assistance of counsel claims were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, applying the AEDPA's deferential standard, this Court likewise rejects those claims.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Patrick B. Thomas** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this nineteenth day of November, 2009.

                                                  **SALLY SHUSHAN**
                                                  **UNITED STATES MAGISTRATE JUDGE**